IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DAVID HOWERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:10CV-191-R |
| v. | ) |
| | ) JURY DEMAND |
| RHODES SUPPLY COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, David Howerton, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1.  This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*, and Kentucky common law.

### THE PARTIES

2.  Plaintiff is a resident of Wingo, Graves County, Kentucky. Plaintiff was, at all relevant times, an employee of Defendant Rhodes Supply Company at its facility in Mayfield, Graves County, Kentucky.

3.  Defendant Rhodes Supply Company, Inc. is a Kentucky corporation with its principal place of business at 9793 State Route 303, Mayfield, KY 42066. Its registered agent

for service of process is H. Gene Rhodes, who may be served at 9793 State Route 303, Mayfield, KY 42066.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's federal claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in Graves County, Kentucky, which is located within this judicial district.

6.     Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as <u>Exhibit A</u>.  Plaintiff received a Notice of Right to Sue from the EEOC with respect to the federal charge set forth below less than ninety days prior to the filing of this Complaint.  A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as <u>Exhibit B</u>.

## FACTUAL BACKGROUND

7.     Plaintiff began working for Defendant as a truck driver on or about October 2, 1989.

8.     Defendant promoted Plaintiff to assistant manager on or about May 11, 1993. Plaintiff's duties as assistant manager included virtually every aspect of day-to-day supervision of the company, including the hiring and firing of employees.

9. Plaintiff at all times performed his job competently. As a result, Plaintiff received numerous pay raises during his employment with Defendant.

10. On August 19, 2009, Plaintiff experienced chest pains and heart attack symptoms while at work. Plaintiff finished his paperwork then had his wife take him to the hospital.

11. Plaintiff was diagnosed with a massive heart attack. During his ten-day hospital stay, Plaintiff underwent three heart bypass surgeries as well as Transmyocardial Laser Revascularization heart surgery. Plaintiff was discharged from the hospital on or about August 29, 2009.

12. Plaintiff's doctor released him to return to work on November 26, 2009 with a fifty-pound weight limit restriction. The weight restriction was Plaintiff's only restriction. Three weeks prior to returning to work, Plaintiff delivered his doctor's note to his supervisor, Gene Rhodes. Plaintiff told Mr. Rhodes he would "see him on the 30th," which was the next business day after November 26. Mr. Rhodes said he would "see [Plaintiff] then."

13. When Plaintiff arrived at work on November 30, 2009, Mr. Rhodes terminated Plaintiff. Mr. Rhodes stated Defendant did not believe Plaintiff could handle the stress of the job because of his heart attack. Mr. Rhodes told Plaintiff he should apply for short-term disability.

14. Mr. Rhodes also told Plaintiff on November 30, 2009 that Defendant needed to lay off employees to cut costs. Plaintiff, however, was the only employee who was laid off due to these alleged financial problems.

15. Plaintiff's heart condition substantially impaired many of his daily activities, including walking, seeing, working, lifting, and performing specific tasks for long periods of time without interruption. Plaintiff, however, obtained medical treatment that would have

controlled his heart problems and would have allowed him to perform his job on and after November 30, 2009.

16. Defendant terminated Plaintiff because of his disability, because he had a record of being disabled, and/or because it regarded him as disabled.

17. These actions of Defendant were intentional, willful, deliberate, knowing, and malicious.

18. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Plaintiff has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

19. After Plaintiff was terminated, Mr. Rhodes told Defendant's employees that Plaintiff had stolen from Defendant. Plaintiff never stole from Defendant. Yet, Mr. Rhodes told Plaintiff's former co-workers that Defendant was trying to build a theft case against Plaintiff. Mr. Rhodes also threatened to terminate any employees who helped Plaintiff to refute the accusations against him or to seek redress for Defendant's misconduct.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 19.

21. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

22. Defendant terminated Plaintiff because he was disabled, because he had a record of disability, and/or because Defendant regarded him as disabled.

23. Defendant's discriminatory actions against Plaintiff were willful and knowingly committed.

24. As a direct and proximate result of Defendant's adverse treatment of Plaintiff in violation of the Americans with Disabilities Act, Plaintiff was injured and suffered damages.

25. Plaintiff has sustained a loss of back pay, benefits, incidental expenses, and front pay.

26. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Plaintiff's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

27. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28. Defendant's conduct constitutes illegal discrimination on the basis of disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq*.

29. As a result of Defendant's conduct, Plaintiff suffered damages.

## COUNT III

### SLANDER PER SE

30. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 29.

31. Defendant published oral statements accusing Plaintiff of engaging in criminal conduct and being unfit for his occupation.

32. Defendant's oral statements in this regard were false.

33. Defendant published these false statements to individuals with no legitimate reason to know or hear such statements.

34. As a direct and proximate result of Defendant's false statements about Plaintiff, Plaintiff has suffered damage to his personal and professional reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of twelve try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6. That costs and discretionary costs be taxed against Defendant;

7. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

8. That Defendants be ordered to pay punitive damages in an amount to be determined at trial;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,
David Howerton*